GRISMORE-HYMAN COMPANY *v.* BLYTHE.

Opinion delivered November 20, 1922.

1. SALES—PLACE OF DELIVERY—WAIVER.—Where a contract for the sale of logs required their delivery at a named place or such other places as might be agreed on, the buyers' acceptance of part of the logs at another place did not waive their right to have the balance delivered at the place named.

2. LOGS AND LOGGING—FAILURE OF BUYERS TO ACCEPT DELIVERY—LIABILITY.—Where, under an agreement for the sale of logs at a place named or such other places as might be agreed upon, buyers of logs accepted delivery of part of same at a place other than the one named in the contract, and subsequently ordered the seller to deliver the balance at the named place, and refused to receive logs cut before the place of delivery was changed, the buyers were liable in damages for failure to accept such logs.

Appeal from Cross Circuit Court; *Wm. F. Kirsch*, special judge; reversed.

### STATEMENT OF FACTS.

R. L. Blythe sued the Grismore-Hyman Company and others to recover damages for an alleged breach of contract in the sale of logs by the former to the latter.

The defendants filed an answer setting up a general denial of the allegations of the complaint, and also a counterclaim for damages alleged to be due them by the plaintiff for a breach of a logging contract.

In the main case it was shown by the plaintiff that on the 24th day of August, 1920, R. L. Blythe entered into a written contract with the Grismore-Hyman Company for the sale of certain specified kinds of timber amounting to 1,000,000 feet. The contract provided that the logs were to be delivered, ''on the bank of St. Francis River in secs. 15 and 22, township 9 north, range 5 east, in Cross County, Ark., or at such other places as may be agreed upon.'' Blythe entered into the performance of the contract, and went to cutting and hauling logs to the bank of Beaver Slough. Beaver Slough was the nearest point to deliver the logs, and they could be floated out of it into the St. Francis River, except during very low water. The plaintiff had begun to deaden his timber at the time he signed the contract in question, and the defendants knew of this fact. After he had deadened the timber it was necessary that it should be cut and hauled out the next fall or spring. It was agreeable to the defendants for the plaintiff to make a delivery of logs on the bank of Beaver Slough, and they accepted logs there at several different times. The logs would be scaled and accepted by their agent. Finally the defendants told the plaintiff that they would not accept any more logs on the Beaver Slough, but he would have to deliver them on the bank of the St. Francis River, according to the terms of the written contract. This made the contract unprofitable to the plaintiff, and he declined to deliver the logs on the St. Francis River. The defendant refused to receive any

more logs on Beaver Slough, and notified the plaintiff not to deliver any more there. The plaintiff told the defendant that he had a lot of logs cut and ready for delivery there, but the defendants refused to receive these logs.

- To maintain their counterclaim, the defendants introduced in evidence a contract in writing which they had made with the plaintiff on the 19th day of August, 1918, in which they purchased a minimum of 250,000 feet of logs from the plaintiff for a stipulated price, to be delivered on the bank of the St. Francis River. The plaintiff delivered thirty or forty thousand feet under this contract, and said that they then sent him a letter releasing him from the contract. The defendants denied having written such a letter, and denied having released the plaintiff from the contract.

The jury returned a verdict for the plaintiff in the sum of $1,000, and from the judgment rendered the defendants have duly prosecuted an appeal to this court.

*Killough, Lines & Killough,* for appellant.

Partial failure to comply with the terms of a contract by one party will not entitle the other party to abandon the contract at once; the failure must be a total one. 6 R. C. L. 926; 106 Ark. 400; 75 Ark. 503; 26 Ark. 309; 30 L. R. A. (note) 47; 17 Ark. 288; 1 L. R. A. 827 (note).

There was no consideration for the release, if any, and it is void. 2 Black on Rescission and Cancellation, 1234; 6 R. C. L. 924.

HART, J. (after stating the facts.) It is insisted by counsel for the defendants that the court erred in instructing the jury that if the defendants agreed that the plaintiff might deliver all the logs under the contract on the bank of Beaver Slough, and that thereafter the defendants notified the plaintiff that all logs must be delivered on the bank of the St. Francis River, under the terms of the contract, and that no more logs would be taken up on Beaver Slough, the plaintiff had the right to

treat the contract as broken, and would be entitled to recover under it.

We are of the opinion that the court erred in giving this instruction, for the reason that there was no testimony upon which to base it. The defendants denied having made an agreement with the plaintiff that he should deliver all the logs embraced in the contract on the bank of Beaver Slough. The testimony of the plaintiff himself is to the effect that he began to cut and deliver logs to the defendants under the contract on Beaver Slough, and that this was agreeable to the defendants.

It is not fairly inferable from this testimony that the defendants agreed that all the logs might be delivered on Beaver Slough. The written contract provides that the logs were to be delivered on the bank of the St. Francis River, on certain sections of land, or at such other places as may be agreed upon. Under this contract the parties might agree upon another place of delivery. But such agreement is not proved in this case. The most that can be said is that the plaintiff commenced to deliver logs under the contract on the bank of Beaver Slough, and that the defendants accepted them there. The plaintiff said that his delivery there was agreeable to the defendants. But it is not shown that the defendants agreed to accept all of the logs there. The defendants might be willing to accept a part of them there and insist on the remainder being delivered at the place on the St. Francis River specified in the contract.

It follows, then, that the defendants had a right to stop the delivery of the remainder of the logs on Beaver Slough and insist upon their delivery upon the bank of the St. Francis River, as designated in the contract. The defendants, however, having agreed that the plaintiff should deliver a part of the logs on Beaver Slough, should be compelled to receive all of the logs which had been cut by the plaintiff at the time the defendants notified him that they would not take any more logs there, or they should respond in damages for not doing so.

Therefore, for the error in giving the instruction as indicated in the opinion, the judgment must be reversed, and the cause remanded for a new trial.